UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 8:19-cr-447-T-24TGW

NORMAN NICHOLSON

**PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Maria Chapa Lopez, United States Attorney for the Middle District of Florida, and the defendant, Norman Nicholson, and the attorney for the defendant, Frank Louderback, Esquire mutually agree as follows:

**A.     Particularized Terms**

   1.    Count(s) Pleading To

         The defendant shall enter a plea of guilty to Counts One and Two of Indictment. Count One charges the defendant with knowingly making false entries in a report with the intent to obstruct an investigation within the jurisdiction of a federal agency, in violation of 18 U.S.C. § 1519. Count Two charges the defendant with intentionally depraving B.H. of his Fourth Amendment right to a reasonable search and seizure under color of law, in violation of 18 U.S.C. § 242.

Defendant's Initials _____

2. <u>Minimum and Maximum Penalties</u>

Count One is punishable by a maximum term of imprisonment of 20 years, a fine not to exceed $250,000, a maximum term of supervised release of not more than three years, and a special assessment of $100 per felony count for individuals.

Count Two is punishable by a maximum term of imprisonment of one year, a fine not to exceed $250,000, a maximum term of supervised release of not more than three years, and a special assessment of $25 per Class A misdemeanor count for individuals.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, including B.H., as set forth below.

3. <u>Elements of the Offense</u>

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

<u>First</u>: The defendant altered, concealed, covered up, or made a false entry in any record or document;

<u>Second</u>: The defendant did so with the intent to impede, obstruct, or influence an investigation; and

Defendant's Initials _MM_

2

> Third: The investigation was of a matter within the jurisdiction of a federal agency or department, or in relation to or contemplation of any such matter or case.

The elements of Count Two are:

> First: The defendant acted under color of law;
>
> Second: The defendant acted willfully, and
>
> Third: The defendant deprived a person of rights protected by the Constitution or laws of the United States.

4. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

5. Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not

3

Defendant's Initials _MM_

binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

6. <u>Cooperation - Substantial Assistance to be Considered</u>

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and

4

Defendant's Initials _MM_

all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

Defendant's Initials _/s/_

5

7. <u>Use of Information - Section 1B1.8</u>

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

8. <u>Cooperation - Responsibilities of Parties</u>

a. The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b. It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

Defendant's Initials _MM_

6

(1) The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2) The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea

7

Defendant's Initials _MM_

agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3) The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4) The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5) The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

B. **Standard Terms and Conditions**

1. Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A; and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

The defendant understands that this agreement imposes no limitation as to fine.

2. Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release

Defendant's Initials *MM*

9

upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

4. <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and

10

Defendant's Initials _M M_

will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

5. <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report

Defendant's Initials *MM*

11

prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

6. <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to

Defendant's Initials *MM*

12

the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

7. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

8. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

9. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and

13

Defendant's Initials *MM*

defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the

Defendant's Initials _/m/_

14

offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

10. Actual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

FACTS

On June 15, 2018, at approximately 8:00 p.m., U.S. Army veteran B.H. went inside the Bay Pines VA emergency department seeking treatment. B.H. did not have an appointment and was told to return the next day.

A few hours later, at approximately 12:57 a.m. on June 16, 2018, B.H. returned to the VA hospital. B.H. was captured on surveillance video walking into the VA, checking in at the front desk, and then sitting down in the waiting room. A few minutes later, then VA Officer Norman Nicholson was captured on surveillance video approaching B.H. as he was sitting in the waiting room. Nicholson was then captured on video gesturing for B.H. to leave. Surveillance footage showed B.H. complying with Nicholson's verbal commands and walking out of the VA.

B.H. walked out of the facility, and proceeded to walk along the sidewalk towards one of the VA's exits. Nicholson followed B.H. outside of the VA and walked behind him on the sidewalk. Approximately three minutes later, while B.H. was walking out of the V.A., Nicholson arrested B.H. In doing so, Nicholson swung B.H. around, and placed both of B.H's hands behind his back. B.H. did not resist the arrest and moved his left arm behind his back on his own.

After B.H. was already handcuffed and in custody, Nicholson used his left hand to shove B.H.'s head against the fence. Nicholson then placed B.H. against the fence and spread his legs. Nicholson used his right hand to pull B.H.'s legs apart, causing B.H. to fall face first into the fence and then the ground. Nicholson then searched B.H. while B.H. was on the ground. Nicholson then forcefully grabbed B.H. from the ground, and lifted him up. Nicholson used his right hand to grab B.H. from his face and nose using what is often referred to as an "infraorbital move" while seemingly saying something to B.H.

Nicholson then told a different VA police officer to transport B.H. to the Pinellas County jail while he (Nicholson) filled out B.H.'s probable cause arrest affidavit. B.H.'s probable cause affidavits states that B.H. was arrested for Disorderly Intoxication and Resisting Arrest without violence. In the two affidavits, which are identical, Nicholson states that B.H.:

> "did present to the Bay Pines Emergency Department hours prior and due to his yelling and swearing at staff and refusing to comply with staff

directions was directed off property. At approximately 1:00 hours the defendant again presented to the ED and was unsteady on his feet slurring his words and had an odor of alcoholic beverages emanating from him. The administrator on duty asked the defendant to depart. **Defendant refused** and was in the process of **being escorted off property** when he suddenly turned and in an **aggressive posture** raising his hand towards this officer's face and stated 'back the fuck off my ass before I drop you motherfucker'. At this point he was placed under arrest. **While attempting to handcuff the defendant he became resistant and pulled away. Once the handcuffs were in place he buckled his knees in an attempt to make himself dead weight causing both of us to tumble to the ground. Defendant continued to resists and had to be forcibly placed into the cruiser for transport.**"

In his official police report, Nicholson reiterated the statements above, and also stated that:

"At this point, I advised him he was under arrest. While attempting to handcuff the defendant he **became resistant and would not obey commands to stop resisting** and lean against a nearby fence. **He pulled away** and tensed up his arms several times....I was finally able to overcome his resistance...[B.H.] continued once again **to resist on the ground** until back up officers arrived. [B.H.] **refused to stand on his own**.

Various statements contained in Nicholson's police report and arrest affidavit were false, and were done with the intent to impede, obstruct, or influence a matter that was within the jurisdiction of the United States Department of Veterans Affair, a department and agency of the United States.

As a result of being arrested, B.H. was detained in the Pinellas County jail for approximately eight days. B.H.'s arrest, and subsequent seizure deprived him

17

Defendant's Initials

of a right secured and protected by the Constitution of the United States, namely the right to be free from the use of unreasonable force by a law enforcement officer. The state dismissed all charges against B.H.

B.H. suffered minor injuries because of his arrest. His left shoulder was bruised and he had pain in his right hand, wrist and thumb, injuries he attributes to how tight the handcuffs were placed on him. Nicholson quit the VA days later.

11. <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials *MN*

18

12. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 4th day of March, 2020.

_____
Norman Nicholson
Defendant

_____
Frank Louderback
Attorney for Defendant

MARIA CHAPA LOPEZ
United States Attorney

_____
Diego F. Novaes
Assistant United States Attorney

_____
Carlton Gammons
Assistant United States Attorney
Chief, Special Victims Section